## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  CRIMINAL NO. 24-6-KD |
| | ) |
| NASHON JONES | ) |
| aka "HONEYKOMB BRAZY" | ) |

## FACTUAL RESUME

The defendant, **NASHON JONES**, admits the allegations of Count One in the

Superseding Indictment.

## ELEMENTS OF THE OFFENSE

**NASHON JONES** understands that in order to prove a violation of Title 18, United

States Code, Section 922(g)(1), as charged in Count One of the Superseding Indictment, the

United States must prove:

First:      The defendant knowingly possessed the firearm or ammunition in or affecting interstate or foreign commerce;

Second:     before possessing the firearm or ammunition, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year;

Third:      at the time the defendant possessed the firearm or ammunition, the defendant knew he had previously been convicted of a felony.

## OFFENSE CONDUCT

Defendant, **NASHON JONES**, admits in open court and under oath that the following

statement is true and correct and constitutes evidence in this case.  This statement of facts is

provided solely to assist the Court in determining whether a factual basis exists for **JONES's** plea

of guilty.  The statement of facts does not contain each and every fact known to **JONES** and to the

1

Rev. 9/2021

United States concerning the defendant's involvement in the charges set forth in the plea agreement.

On Monday, December 18, 2023, at approximately 1300 hours, Mobile County Sheriff's Office Special Operations Unit and Federal Bureau of Investigation ("FBI") Safe Streets Task Force were in the area of I-65 southbound and the General W.K. Wilson Jr. bridge when deputies observed a white 2022 Cadillac Escalade with Texas dealer plates traveling in the left lane.

When the vehicle passed Task Force Officer Joshua Coleman and FBI Special Agent Evan Fischer the vehicle appeared to be traveling too close to the vehicle in front of it in violation of Alabama Motor Vehicle Traffic Law 32-5A-89 which requires a vehicle to provide a distance of 20 feet for every 10 miles per hour.

Additionally, the vehicle was observed by Deputy Jantzen Ward to be traveling in the left lane for a period longer than 1.5 miles (approximately 3.5 miles) without overtaking or passing another vehicle in violation of Alabama Motor Vehicle Traffic Law 32-5A-80 which requires vehicles to travel upon the right half of the roadway. The tinting on the windows was also too dark in that the occupants of the vehicle could not be easily identified or recognized through the rear windows from outside the motor vehicle as required by Alabama Motor Vehicle Traffic Law 32-5-215.

Due to the traffic violations, a traffic stop was performed on the vehicle at exit 22 in Creola, within the Southern Division of the Southern District of Alabama, on the off ramp of I-65 southbound. For deputy and occupant safety due to the tint of the vehicle and the driver's window not being fully operational, the driver was asked to exit the vehicle and come back to the deputies. The driver, who was later identified by his Georgia Driver's License as Mason Fuller, exited the vehicle and was wearing an outer bulletproof carrier equipped with soft armor that was labeled

2

with "Enforcement." Fuller was advised that he was providing security for the occupant inside the vehicle.

Fuller was asked about any other occupants in the vehicle, and he advised that there were two other individuals in the vehicle besides himself. Due to the body armor, Fuller was asked about the presence of firearms and Fuller informed the officers there was a firearm under the driver's seat and at least one firearm in the backseat area. Due to the presence of multiple firearms in the vehicle, the other occupants were requested to exit the vehicle and come back to deputies.

The first person to exit the vehicle was **NASHON JONES**. The next person to exit the vehicle was Miguel Hall. The vehicle was cleared for officer safety reasons, and deputies quickly noticed a strong odor of marijuana emitting from the vehicle.

Due to the reported presence of firearms and the odor of marijuana inside the vehicle, a probable cause search was performed. Under the driver seat of the vehicle TFO Coleman located a Girson MC28 SAC (S/N: T6368-20AV03084) 9mm pistol. Within the immediate reach and control of where **JONES** and Hall were seated, TFO Coleman located a Smith and Wesson MP 15 AR (S/N: TS88561) 5.56 NATO AR pistol.

On the ashtray was a partially smoked marijuana cigarette. From the unburnt end TFO Coleman observed a green leafy substance that based on smell and consistency he believed to be marijuana. Inside of the seat pouch behind the front passenger seat was a liquid medicine bottle with the prescription ripped off. TFO Coleman could make out the words Promethazine on the destroyed label. On the front passenger seat was a condor bulletproof vest with hard plates. Additionally, four cellphones were recovered from inside the vehicle.

While searching the center console area of the vehicle, TFO Coleman located what he knew based on training and experience to be a hidden compartment also known as a "trap" inside of the

Rev. 9/2021

center console. The trap was empty at the time it was opened. There was, however, marijuana shake in the center console area and underneath the center console.

An NCIC criminal history check was run on FULLER, **JONES**, and HALL. All were determined to be prohibited persons to carry firearms.

An ATF nexus expert examined the Girson MC28 SAC (S/N: T6368-20AV03084) 9mm pistol and the Wesson MP 15 AR (S/N: TS88561) 5.56 NATO AR pistol. The nexus expert confirmed both to be "firearms" as defined by Tile 18 U.S.C., Chapter 44, Section 921(a)(3) and that the firearms were manufactured outside the state of Alabama.

State court records indicate **JONES** had previously been convicted of multiple crimes punishable by imprisonment for a term exceeding one year, to-wit:

1. Robbery in the First Degree, on or about June 4, 2013, in the Circuit Court of Mobile County, Alabama, case number 02-CC-2012-2743;

2. Assault in the First Degree, on or about June 4, 2013, in the Circuit Court of Mobile County, Alabama, case number 02-CC-2012-2744;

3. Certain Persons Forbidden to Possess a Firearm, on or about July 23, 2019, in the Circuit Court of Mobile County, Alabama, case number 02-CC-2016-3517;

4. Marijuana in the First Degree, on or about September 5, 2023, in the Circuit Court of Mobile County, Alabama, case number 02-CC-2021-1087;

**JONES** knew his status as a convicted felon at the time he possessed the firearm.

AGREED TO AND SIGNED.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

4

Rev. 9/2021

Date: July 11, 2024

*/s/ Jessica S. Terrill*

Jessica S. Terrill
Assistant United States Attorney

Date: July 11, 2024

*/s/ Kasee S. Heisterhagen*

Kasee S. Heisterhagen
Assistant United States Attorney
Deputy Chief, Criminal Division

Date: 7/23/24

Nashon Jones
Defendant

Date: 7/23/24

Josh Briskman, Esq.
Attorney for Defendant

5

Rev. 9/2021