## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 24-6-KD** |
| | ) | |
| **NASHON JONES** | ) | |
| **aka "HONEYKOMB BRAZY"** | ) | |

### PLEA AGREEMENT

The defendant, **NASHON JONES**, represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1.     The defendant understands his rights as follows:

   a.     To be represented by an attorney;

   b.     To plead not guilty;

   c.     To have a trial by an impartial jury;

   d.     To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

   e.     To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2.     The defendant waives rights b through e, listed above, and pleads guilty to Count One of the Superseding Indictment, charging a violation of Title 18, United States Code, Section 922(g)(1), felon in possession of a firearm.

1

3.  The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements he makes intentionally in this plea of guilty.

4.  The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5.  The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6.  The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him. The defendant's attorney has also explained to the defendant his understanding of the United States' evidence and the law as it relates to the facts of his offense.

7.  The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charge. The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8.  A separate document, entitled Factual Resume, is attached hereto and is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct and sets forth a

Rev. 9/2021

2

sufficient evidentiary basis for the guilty plea. Alterations to the Plea Agreement

or Factual Resume initialed only by the defendant and his counsel are not part of

this agreement and are not agreed to by the United States.

9.    This plea of guilty is freely and voluntarily made and is not the result of force,

threats, promises, or representations, apart from those representations set forth in

this Plea Agreement. There have been no promises from anyone as to the

particular sentence that the Court will impose. The defendant is pleading guilty

because he is guilty.

10.    The defendant also knowingly and voluntarily waives all rights, whether asserted

directly or through a representative, to receive from the United States after

sentencing any further records, reports, or documents pertaining to the

investigation or prosecution of this matter. This waiver includes, but is not

limited to, rights under the Freedom of Information Act and the Privacy Act of

1974.

## PENALTY

11.    The maximum penalty the Court could impose as to Count One of the

Superseding Indictment is:

a.    Up to fifteen (15) years' imprisonment;

b.    A fine not to exceed $250,000;

c.    A term of supervised release of at least three (3) years, which would

follow any term of imprisonment. If the defendant violates the conditions

of supervised release, he could be imprisoned for the entire term of

supervised release;

3

Rev. 9/2021

     d.      A mandatory special assessment of $100.00; and

     e.      Such restitution as may be ordered by the Court.

## RESTITUTION

12.    Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory. The defendant agrees to make full restitution in an amount to be determined by the Court at sentencing.

## FORFEITURE

13.    The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge of the conviction. The defendant hereby withdraws any petition for remission or claim for such property for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal or collateral attack.

## FINANCIAL OBLIGATIONS

Rev. 9/2021

14.    The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit

report in order to evaluate the Defendant's ability to satisfy any financial

obligation imposed by the Court. In order to facilitate the collection of financial

obligations to be imposed in connection with this prosecution, the Defendant

agrees to disclose fully all assets in which the Defendant has any interest or over

which the Defendant exercises control, directly or indirectly, including those held

by a spouse, nominee or other third party.

## SENTENCING AND APPLICATION OF FED. R. CRIM. P. 11(c)(1)(C)

15.    The defendant acknowledges the Court will impose the sentence in this case, and

that the parties have reached a binding agreement as to the appropriate sentence in

this case.  Specifically, the defendant acknowledges that Federal Rule of Criminal

Procedure 11(c)(1)(C) provides in relevant part:

> If the defendant pleads guilty… to … a charged offense …, the
> plea agreement may specify that an attorney for the
> government will: … (C) agree that a specific sentence or
> sentencing range is the appropriate disposition of the case …
> (such a recommendation or request binds the court once the
> court accepts the plea agreement).

16.    The defendant has reviewed Rule 11(c)(1)(C) with his attorney and understands

that its provisions will govern the procedure for the sentence imposed by the

Court in this case.

17.    The parties agree that the following sentence is an appropriate disposition in this

case:

A.    The parties jointly recommend that **NASHON JONES** be sentenced to a

term of imprisonment within the range of 30 months to 42 months.

Rev. 9/2021

18.   The United States will provide all relevant sentencing information to the Probation Office for purposes of the presentence investigation.  Relevant sentencing information includes, but is not limited to, all facts of this case and information concerning the defendant's conduct and background.

19.   Both the defendant and the United States are free to allocute fully at the time of sentencing subject to the provisions of this agreement.

20.   The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case.  The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of its sentencing.

### UNITED STATES' OBLIGATIONS

21.   The United States will not bring any additional charges against the defendant related to the facts and investigation underlying the Superseding Indictment and will move to dismiss any remaining charges against the defendant once sentence is imposed in this case.  This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

### LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

6

Rev. 9/2021

22.  As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

   a.  **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

      (1)  any sentence imposed in excess of the statutory maximum;

      (2)  any sentence which constitutes an upward departure or variance from the advisory guideline range.

   The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

23.  If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

24.  The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

25.  If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

7

## VIOLATION OF AGREEMENT

26.     The defendant understands that if he breaches any provision of this Plea

Agreement, the United States will be free from any obligations imposed by this

agreement, but all provisions of the agreement remain enforceable against the

defendant.  In the exercise of its discretion, the United States will be free to

prosecute the defendant on any charges of which it has knowledge.  In such event,

the defendant agrees not to assert any objections to prosecution that he might have

under the Sixth Amendment and/or Speedy Trial Act.

27.     In addition, if the defendant is released from detention prior to sentencing, he

understands that the United States will no longer be bound by this agreement if he

violates any condition of his release prior to sentencing or prior to serving his

sentence after it is imposed.

## ENTIRETY OF AGREEMENT

28.     This document is the complete statement of the agreement between the defendant

and the United States and may not be altered unless done so in writing and signed

by all the parties.

Respectfully submitted,
SEAN P. COSTELLO
UNITED STATES ATTORNEY


Date: July 11, 2024          /s/ Jessica S. Terrill
                             Jessica S. Terrill
                             Assistant United States Attorney

Date: July 11, 2024          /s/ Kasee S. Heisterhagen
                             Kasee S. Heisterhagen
                             Assistant United States Attorney
                             Deputy Chief, Criminal Division

8

Rev. 9/2021

I have consulted with my counsel and fully understand all my rights with respect to the offense charged in the Superseding Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it. I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 7/23/24

NASHON JONES
Defendant

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offense(s) charged in the Superseding Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: 7/23/24

Josh Briskman, Esq.
Attorney for Defendant

9