# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal Action No. 24-00006-KD** |
| | ) | |
| **MIGUEL WAYNE HALL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PRELIMINARY ORDER OF FORFEITURE

This action is before the Court on the United States' Motion for Preliminary Order of Forfeiture as to Defendant Miguel Wayne Hall (doc. 137). Hall and his co-defendants were charged with firearms related offenses in a three-count Superseding Indictment (doc. 100). Count One charged Hall with aiding and abetting a co-defendant with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 2 and 922(g)(1). Count Two charged Hall with being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Superseding Indictment contained a forfeiture allegation placing Hall on notice that the United States would seek forfeiture of the firearm and ammunition. Specifically, one Smith & Wesson, M&P 15, 5.56 NATO AR pistol, serial number TS88561, and 34 rounds of ammunition.

On May 29, 2024, Hall pled guilty to Count Two of the Superseding Indictment (docs. 129, 131). His sentencing is scheduled for June 19, 2024 (doc. 131). In the written plea agreement, Hall agreed to forfeit all assets subject to forfeiture under the notice of forfeiture contained in the Superseding Indictment, consented to the filing of a motion for preliminary

order of forfeiture, and confessed to the requisite nexus between the property and the charge of conviction (doc. 129).

Upon consideration of the United States' motion, the Superseding Indictment, Hall's plea of guilty to the offense, the written plea agreement and factual resume, and the plea colloquy, the Court finds that the United States has established the requisite nexus between the specific property and the offense of conviction. See Fed. R. Crim. P. 32.2(b)(1). Accordingly, the motion is GRANTED, and IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, as follows:

Pursuant to 18 U.S.C. § 924(d) and 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b), the interest of Defendant Hall, in the property, namely, one Smith & Wesson, M&P 15, 5.56 NATO AR pistol, serial number TS88561, and 34 rounds of ammunition is hereby condemned and forfeited to the United States for disposition according to law. By virtue of his guilty plea, plea agreement and factual resume, the United States is now entitled to, pending possible appeal herein, reduce the property to its possession and notify all potential third parties who have or may have an interest in the forfeited property, pursuant to 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2(b).

Based on the foregoing and Fed. R. Crim. P. 32.2(b), the pistol and ammunition are hereby forfeited to and vested in the United States of America for disposition in accordance with law, subject to the provisions of 21 U.S.C. § 853(n).

The property is authorized to be held by the Federal Bureau of Investigation or other authorized federal agency in their secure custody and control and to dispose of it in accordance with law.

Pursuant to 21 U.S.C. § 853(n)(1) and the Attorney General's authority to determine the manner of publication of an order of forfeiture in a criminal case, the United States shall

publish notice of this Order on an official government internet site (www.forfeiture.gov) for at

least 30 consecutive days. In accordance with Section 853(n)(1)-(3), the notice shall

accomplish at least the following:

- provide notice of the entry of this Order;
- declare the United States' intent to dispose of the property in such manner as the Attorney General may direct;

- explain that any person, other than the defendant, having or claiming a legal interest in any of the above-described forfeited property must file a petition with the Court within 60 days of the first date of publication of notice (which date shall be set forth in the notice);
- provide the Clerk's address for filing of the petition;
- explain that the petition shall be signed by the petitioner under penalty of perjury; and
- explain that the petition shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property, the time and circumstances of the petitioners' acquisition of the right, title, or interest, and any additional facts supporting the petitioner's claim and the relief sought.

Pursuant to Fed. R. Crim. P. 32.2(b)(6)(A), the United States must also send notice to

any person who reasonably appears to be a potential claimant with standing to contest the

forfeiture in the ancillary proceeding.

Pursuant to Section 853(n)(1), the United States may also, to the extent practicable,

provide direct written notice to any person known to have alleged an interest in the pistol and

ammunition that are the subject of this Order, as a substitute for published notice as to those

persons so notified.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and

pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), discovery may be conducted prior to a hearing on a

Case 1:24-cr-00006-KD-N   Document 144   Filed 06/24/24   Page 3 of 4   PageID #: 333

petition in accordance with the Federal Rules of Civil Procedure, upon showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the above-described pistol and ammunition following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Section 853(n)(2) for the filing of third-party petitions. Pursuant to Fed. R. Crim. P. 32.2(c)(2), if no third-party files a timely petition this Order becomes the final order of forfeiture, and the United States shall file a motion requesting that this Order become the final order of forfeiture.

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this preliminary order of forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and judgment.

The Court shall retain jurisdiction to address any third-party claim that may be asserted in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property, including a final order of forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2).

DONE and ORDERED this 24th day of June 2024.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE